UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ERIC KOTY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 15 C 2600 |
| ) | |
| SHERIFF JOHN ZARUBA, ) | |
| INDIVIDUALLY AND IN ) | |
| HIS OFFICIAL CAPACITY ) | |
| AS SHERIFF OF DUPAGE ) | |
| COUNTY, and DUPAGE COUNTY, ) | Judge Virginia M. Kendall |
| ) | |
| Defendant. ) | |

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' 12(b)(6) MOTION TO DISMISS

Defendants, through their attorneys, Gregory Vaci and Paul Bruckner, respectfully submit this memorandum in support of their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

INTRODUCTION

On March 27, 2015, Plaintiff, Eric Koty, filed a one-count complaint against Sheriff John Zaruba in his individual capacity and official capacity as Sheriff of DuPage County and DuPage County, alleging that Defendants violated the Americans with Disabilities Act ("ADA") by failing to accommodate his disability and retaliating against him for filing a charge with the Equal Employment Opportunities Commission ("EEOC"). (Plaintiff's Complaint ¶ JJ)  For the reasons set forth herein, Defendants move to dismiss Plaintiff's claim of failure to accommodate and his claim of retaliation under the ADA. Defendants also move to dismiss Plaintiff's Complaint against John

1

Zaruba, in his individual capacity.

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. *McCready v.eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

**Plaintiff's ADA claim against John Zaruba in his individual capacity must be dismissed as there is no individual liability under the ADA**

In his Complaint, Plaintiff sues Sheriff John Zaruba in his individual capacity. It has long been the case that the ADA does not allow suits based on individual liability. The ADA provides only for employer, not individual, liability. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998); *Geier v. Medtronic, Inc.*, 99 F 3d 238, 244 (7th Cir. 1996) As the ADA does not provide for individual liability, John Zaruba must be dismissed in his individual capacity.

**Plaintiff's ADA Failure to Accommodate claim must be dismissed since he has plead facts that eliminate the possibility that he has a valid claim**

For a plaintiff to make out a *prima facie* case that her employer violated the ADA by failing to accommodate her disability he must show: "(1) that he is a qualified individual with a disability; (2) the employer was aware of his disability; and (3) the

2

employer failed to reasonably accommodate the disability." *Mobley v. Allstate Ins. Co.,* 531 F.3d 539, 545 (7th Cir. 2008) (quoting *EEOC v. Sears, Roebuck & Co.,* 417 F.3d 789, 797 (7th Cir. 2005).

To show that a plaintiff is "disabled" as defined by the ADA, the plaintiff must either: (a) have "a physical or mental impairment that substantially limits one or more major life activities..."; (b) have "a record of such impairment; or (c) be "regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C).

"'Major life activities' thus refers to those activities that are of central importance to daily life." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 197 (2002). Regarding whether Plaintiff was actually disabled under the ADA, this Court must consider whether Plaintiff has alleged facts that plausibly indicate he was limited in one or more of the "major life activities" of individuals. A major life activity means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working, among others. 42 U.S.C. § 12102(2)(A).

In his Complaint, Plaintiff alleges that he "has a disability which prevents him from riding in his assigned Ford Crown Victoria (Assigned Vehicle) because of leg room among other problems." (Cmplt ¶ C) Further, Plaintiff alleges that "[d]ue to physical limitations caused by Plaintiff's femoral hip impingement with torn labrum and other disabilities, Plaintiff was substantially limited with respect to the major life activities of driving certain vehicles, and/or he was regarded by Defendants as being substantially limited with respect to these major life activities." (Cmplt ¶ GG)

3

In order to avoid dismissal, Plaintiff essentially needed to plead that he had an impairment that substantially limited him in the performance of a major life activity. Plaintiff chose to go beyond that and identify the specific major life activity in which he is limited; driving in certain vehicles. In fact, Plaintiff refers numerous times to the "major life activity" of driving in a Ford Crown Victoria versus a Ford Explorer. (See (Cmplt ¶¶ C, D, F, G, I, J, L, M, N, O, Y, GG, JJ)

In 2009, the Seventh Circuit weighed in on whether driving can be considered a major life activity under the ADA and concluded, as a matter of law that it could not. *Winsley v. Cook County*, 563 F. 3d 598, 603 (7th Cir. 2009). Given that Plaintiff's claimed major life activity of "driving in certain vehicles" is a subset of an activity that this Circuit has determined not to be a major life activity, as a matter of law, Plaintiff has plead himself out of his failure to accommodate claim. The failure to accommodate portion of Count I must therefore be dismissed with prejudice.

Plaintiff also seemingly alleges in Count I of his Complaint that he was regarded by Defendants as being substantially limited with respect to the major life activities of driving in certain vehicles. (Cmplt ¶ GG) Initially, Plaintiff merely states the conclusion that he was regarded as disabled without providing any facts that would make that claim at least plausible as required by *Iqbal*. However, clearly any "regarded as" claim must be dismissed for the same reason that requires dismissal of Plaintiff's failure to accommodate claim; Plaintiff identified driving in certain vehicles as the major life activity in which he is limited. Clearly Defendant could not have regarded him as disabled with respect to an activity that has been determined not to be a "major life

4

activity" in this Circuit. If Plaintiff intended to plead a "regarded as" claim, that claim must be dismissed with prejudice.

**Plaintiff's claim of retaliation must be dismissed because Plaintiff does not plead facts sufficient to establish a causal link between his EEOC charge and his transfer**

To state a claim for retaliation under the ADA a plaintiff must allege: 1) that he engaged in a statutorily protected activity; 2) that he suffered an adverse employment action; and 3) that there was a causal link between the protected activity and the employer's action. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997).

Even though Plaintiff has pleaded himself out of a claim that he is disabled under the ADA, he could still state a claim for retaliation. However, there must be allegations of a causal link between the adverse employment action and the protected activity. *See, e.g., Amrhein v. Health Care Serv. Corp.*, 546 F.3d 854, 858 (7th Cir. 2008). Establishing this causal link requires allegations "that the employer would not have taken the adverse action 'but for' the protected expression." *Johnson v. City of Fort Wayne, Ind.* 91 F.3d 922, 939 (7th Cir. 1996).

In the instant case, Plaintiff makes the following allegations in his Complaint:

P. On April 7, 2014, Plaintiff tendered his Charge of Discrimination to Chief James Kruse (Chief Kruse).

Q. On April 8, 2014, Chief Kruse returned the Charge of Discrimination (Charge) to Plaintiff.

R. On April 8, 2014, in retaliation for reporting the disability and notifying Defendants of the Charge, Defendants transferred Plaintiff to the Court House.

X. On April 9, in retaliation for reporting the Charge to Defendants, Defendants suspended Plaintiff from the Special Operations Unit.

Plaintiff includes no allegations about what Kruse did when he received the charge or whether it was Kruse who ordered Plaintiff's transfer. Other than the transfer taking place the next day, Plaintiff includes no allegations that would explain his belief that there is a causal connection between presenting Kruse with the charge, and the subsequent transfer. In a similar factual situation, this Court ruled in the following manner,

> [Plaintiff] does not allege that the people to whom he complained about his discrimination had anything to do with his suspension, and does not clearly explain the basis for his belief (beyond suspicious timing) that there was a causal link between his complaints of discrimination and the allegedly retaliatory actions that were taken against him. As a result, he has failed to state a claim for retaliation and [defendant's] Motion to Dismiss his ADA retaliation claims is granted. *Prince v. State of Illinois Department of Revenue,* 2010 U.S. Dist LEXIS 84915 (N.D. IL, 09CV5967, Judge Kendall)

Plaintiff's claim of retaliation should be dismissed by this Court as he has not alleged sufficient facts to establish any causal connection between his protected activity and the alleged adverse actions.

## CONCLUSION

For the reasons set forth herein, Defendants' 12(b)(6) Motion to Dismiss should be granted with respect to all claims in Plaintiff's one-count Complaint alleging violations of the ADA.

          BY:   S/Gregory Vaci
          #6204697
          Assistant State's Attorney
          503 N. County Farm Rd.
          Wheaton, Illinois 60187
          (630) 407-8221