IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Koty<br><br>Plaintiff(s),<br><br>v.<br><br>Zaruba et al<br><br>Defendant(s). | Case No. 15 c 2600<br>Judge Virginia M. Kendall |

## ORDER

Defendants' motion to dismiss [5] is granted in part and denied in part. Defendant John E. Zaruba is dismissed by agreement of the parties. The Complaint is dismissed without prejudice to the extent it alleges an ADA discrimination or failure to accommodate claims. The motion is denied as to the Complaint's ADA retaliation claim.

## STATEMENT

Defendants John E. Zaruba and the County of DuPage move to dismiss Plaintiff Eric Koty's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 5). Koty is employed as a police officer at the DuPage County Sheriff's Office. The Complaint alleges that the Defendants violated the Americans with Disabilities Act ("ADA") by discriminating against Koty based on his disability, failing to accommodate Koty's inability to drive a Ford Crown Victoria, and transferring him to an inferior position in retaliation for filing a charge with the EEOC. (Dkt. No. 1 ¶ III.F). As to discrimination and failure to accommodate, Defendants argue that the Complaint fails to plead facts sufficient to establish either that Koty was disabled under the ADA or that Defendants regarded him as such. As to retaliation, Defendants argue that the Complaint does not sufficiently allege a causal link between any protected activity and Koty's transfer. For the reasons stated below, the Court grants the motion to dismiss in part. Koty's ADA discrimination and failure to accommodate claims are dismissed without prejudice. The motion is denied as to Koty's ADA retaliation claim. By agreement of the parties, Defendant John E. Zaruba is dismissed from the case.

## BACKGROUND

The Court takes the following allegations as true for the purposes of this Rule 12(b)(6) motion to dismiss. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). Koty was hired by the DuPage County Sheriff's Office on May 29, 2001. (Dkt. No. 1 ¶ III.B). Koty worked as a police officer in the Special Operations Unit until April 8, 2014 when he was transferred to Courthouse Duty. (*Id*. ¶ III.H). Koty has "femoral hip impingement with torn labrum" and other medical that cause significant pain when Koty drives the Ford Crown Victoria that the Sherriff's Office assigned to him. (*Id*. ¶ III.I). The pain that Koty experiences in the Crown Victoria renders him unable to drive that vehicle. (*Id*. ¶ III.C). The Ford Explorer is a significantly larger vehicle than Koty's Crown Victoria, and the extra legroom in the Ford Explorer would relieve Koty's pain. (*Id*. ¶ III.L). The Sheriff's Office is in possession of numerous Ford Explorers, though it apparently does not put them to significant use; about a dozen Ford Explorers have been sitting in the Sherriff's Office parking garage for years. (*Id*. ¶ III.D). On January 9, 2014, Koty

notified his employers that if they were to accommodate him by assigning him an Explorer or another vehicle with more leg room, he could perform his job duties with no pain. (*Id.* ¶ III.O). At some point, Koty filed a charge of discrimination with the EEOC.[1] On April 7, 2014, Koty showed the charge to Chief James Kruse. (*Id.* ¶ III.P). On April 8, 2014, Koty was transferred from Special Operations to Courthouse Duty. (*Id.* ¶ III.R). On Courthouse Duty Koty was no longer eligible for holiday pay, lost the ability to find other patrolman positions, missed training related to patrolman positions, worked inferior hours, and no longer performed what he viewed as "police work." (*Id.* ¶ IV.C).

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). The Court "construe[s] all well-pleaded facts and draw[s] all inferences in the light most favorable to the nonmoving party." *See Vesely*, 762 F.3d at 664.

## DISCUSSION

I.       Discrimination and Failure to Accommodate under the ADA

Koty's claims that the Sherriff's Office discriminated against him based on his disability and failed to accommodate his disability both fail for the same reason: the Complaint does not sufficiently allege that Koty was disabled within the meaning of the ADA. Being disabled within the ADA's statutory definition is a prerequisite to both discrimination and failure to accommodate under the ADA. *See Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (discrimination); *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 832 (7th Cir. 2013) (failure to accommodate). A person is disabled under the ADA if that person has "a physical or mental impairment that substantially limits one or more major life activities," "a record of such impairment," or is "regarded as having such an impairment." 42 U.S.C.S. § 12102(1). Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 29 C.F.R. Pt. 1630, App. § 1630.2(i). "Substantially limits" means that the person is either "unable to perform a major life activity" or is

---

[1] The charge is not attached to the Complaint and the Complaint does not allege that Koty received a right-to-sue letter from the EEOC. Defendants, however, do not appear to dispute the fact that Koty has, in fact, satisfied the ADA's administrative prerequisites and have not attacked the Complaint on the ground that Koty failed to exhaust administrative remedies. *Cf. Perkins v. Ameritch Corp.*, 161 F. App'x 578, 581 (7th Cir. 2006). The failure to file a charge and receive a right-to-sue letter is not a jurisdictional defect and can be waived. *See Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). The Court, therefore, considers the present motion on the merits without regard to these apparent defects, but nothing precludes the Sherriff's Office from bringing a later motion on exhaustion grounds if appropriate. *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) or at trial."); *see also Sunders-El v. Rohde*, 778 F.3d 556, 559 (7th Cir. 2015).

"significantly restricted as to the condition, manner or duration" under which the individual can perform the major life activity as compared to the average person in the general population. § 1630.2(j)(1).

Although driving itself is not a major life activity, "the inability to drive nevertheless could create a disability if it caused an impairment of a major life activity," such as working. *Winsley v. Cook County*, 563 F.3d 598, 604 (7th Cir. 2009). To claim substantial impairment of the ability to work, however, "a plaintiff must allege that the impairment significantly restricts the ability to perform a class of jobs or a broad range of jobs in various classes." *Id.* (quoting *Skorup v. Modern Door Corp.*, 153 F.3d 512, 514 (7th Cir. 1998)). The "inability to perform a particular job for a particular employer is not sufficient to establish a substantial limitation on the ability to work; rather, the impairment must substantially limit employment generally." *Skorup*, 153 F.3d at 514; *see also Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 782 (7th Cir. 2007) ("If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs.") (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999)) (emphasis deleted). While quantitative evidence is not required, a complaint must contain information related to "general employment demographics and/or . . . recognized occupational classifications that indicate the approximate number of jobs . . . from which an individual would be excluded because of an impairment." *E.E.O.C. v. Rockwell Int'l Corp.*, 243 F.3d 1012, 1017 (7th Cir. 2001). (internal quotation marks omitted).

The Complaint does not contain sufficient factual allegations to establish that Koty is disabled within the meaning of the ADA. Koty has alleged only that his impairment limits his ability to drive a certain model of car. Koty's impairment would be remedied completely through the use of a Ford Explorer rather than a Crown Victoria. Koty has not even alleged that he is unable to perform a particular job for a particular employer, let alone that he is substantially limited in his ability to work in general. In fact, Koty has not alleged that his condition disqualifies him from doing *any* other job. Instead, Koty has alleged that he was physically able to do the first alternative job that he was offered at the courthouse. Koty's ability to perform Courthouse Duty demonstrates that his impairment does not disqualify him from jobs within the Sheriff's Office and certainly does not support a plausible inference that his employment opportunities are substantially limited in general. Construed in Koty's favor to its limit, the Complaint alleges that, at most, Koty is unable to perform one specific job. Without more, Koty failed to allege that he is disabled under the ADA. *See Squibb*, 497 F.3d at 782

Koty has also failed to allege that, whether or not he was actually disabled, he was "regarded as" being disabled by the Sheriff's Office. *See* 42 U.S.C. § 12102(3). In order to establish that he was "regarded as" having an actionable disability, Koty "must establish that either (1) the employer mistakenly believed that he had an impairment that substantially limits a major life activity, or (2) the employer mistakenly believed that an existing impairment, which is not actually limiting, does substantially limit a major life activity." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 607 (7th Cir. 2012) (alterations and internal quotation marks deleted) (quoting *Brunker v. Schwan's Home Serv., Inc.*, 583 F.3d 1004, 1008 (7th Cir. 2009)). As discussed above, Koty's inability to ride in a Crown Victoria is not a substantial limitation on a major life activity. The Complaint does not allege that the Sheriff's Office mistakenly believed Koty had any limitation other than the hip pain. Nor does the Complaint allege that the Sherriff's Office believed that Koty's hip pain limited him from any activities other than riding in a Crown Victoria. The Complaint therefore fails to state a claim that the Sheriff's Office regarded Koty as disabled under either theory. The claim is dismissed.

   II.     Retaliation under the ADA

The Complaint does state a plausible claim that the Sheriff's Office has retaliated against Koty for reporting his condition and filing a charge with the EEOC. To state a claim for retaliation under the ADA, a plaintiff must allege: (1) that he engaged in a statutorily protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal link between the protected activity and the employer's action. *See Cloe v. City of Indianapolis*, 712 F.3d 1171, 1180 (7th Cir. 2013). The ADA

prohibits retaliation without regard to whether the plaintiff is actually disabled under the ADA. *See Cassimy v. Bd. of Educ. of the Rockford Pub. Sch. #205*, 461 F.3d 932, 938 (7th Cir. 2006). The Sherriff's Office does not dispute that the Complaint adequately alleges that Koty engaged in a protected act or that the transfer to Courthouse Duty constituted an adverse employment action. The Sherriff's Office argues, however, that the Complaint has failed to adequately plead a causal relationship between those events.

Drawing all reasonable inferences in Koty's favor, the Court finds that the Complaint has sufficiently alleged a causal relationship between protected activity and the adverse employment action. The Complaint alleges that the transfer to Courthouse Duty occurred the day after Koty told his supervisor about his EEOC complaint and states that the two events were causally related. This is sufficient to survive a motion to dismiss. *See Smith v. EMB, Inc.*, 576 F. App'x 618, 620 (7th Cir. 2014) (to plead retaliation plaintiff need "allege only that she was subject to an adverse employment action after she engaged in a specifically identified protected activity") (emphasis deleted). While temporal proximity is "unlikely, standing alone, to establish the causation element of a retaliation claim," *see Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014), suspicious timing may be sufficient to raise an inference of discrimination when the adverse employment action comes "on the heels" of the protected activity. *See Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 549 (7th Cir. 2008) (citing *McClendon v. Ind. Sugars*, 108 F.3d 789, 796 (7th Cir. 1997)) (two to three day period separating protected act and adverse employment action supported inference of retaliation). The Court leaves Koty to his proof of causation. The motion to dismiss is denied as to Koty's claim of ADA retaliation.

## CONCLUSION

For the reasons stated above, the motion to dismiss is granted in part and denied in part. Koty's ADA discrimination and failure to accommodate claims are dismissed without prejudice. The motion is denied as to Koty's ADA retaliation claim. Defendant Zaruba is dismissed by agreement of the parties.

Date: 7/28/2015

Virginia M. Kendall
United States District Judge