UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ERIC KOTY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 15 C 2600 |
| ) | |
| SHERIFF JOHN ZARUBA, ) | |
| INDIVIDUALLY AND IN ) | |
| HIS OFFICIAL CAPACITY ) | |
| AS SHERIFF OF DUPAGE ) | |
| COUNTY, and DUPAGE COUNTY, ) | Judge Virginia M. Kendall |
| ) | |
| Defendant. ) | |

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' 12(b)(6) MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, through their attorneys, Gregory Vaci and Paul Bruckner, respectfully submit this memorandum in support of their Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

INTRODUCTION

On May 26, 2015, Defendants moved to dismiss Plaintiff's initial Complaint in this case for failure to state a cause of action pursuant to F.R.C.P. 12(b) (6). This Court dismissed Plaintiff's ADA discrimination claim, without prejudice, and denied the motion with respect to Plaintiff's claim of retaliation. Plaintiff filed a motion to reconsider that ruling, which was denied. On February 16, 2016, Plaintiff filed a First Amended Complaint again alleging ADA discrimination and retaliation. Defendant now moves to dismiss the ADA discrimination claim in Plaintiff's First Amended Complaint for the reasons stated herein.

1

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. *McCready v.eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

**Plaintiff's First Amended Complaint does not cure the defects that resulted in the dismissal of Plaintiff's ADA failure to accommodate claim in his initial Complaint**

This Court previously dismissed Plaintiff's ADA failure to accommodate claim from his original complaint because he did not sufficiently allege that he was disabled within the meaning of the ADA. (Mem & Op. p. 3) The Court specifically held that while driving is not a major life activity, the inability to drive nevertheless could create a disability if it caused an impairment of a major life activity," such as working. *Winsley v. Cook County*, 563 F.3d 598, 604 (7th Cir. 2009). The Court dismissed the ADA claims without prejudice on the possibility that Plaintiff could plead facts that would establish that, due to his impairment he was excluded from a classification of jobs and therefore substantially limited in the major life activity of working. *Id*. A review of Plaintiff's First Amended Complaint reveals that Plaintiff has not, and likely cannot, plead that he

2

was substantially limited in the major life activity of working or in any other major life activity that impacted his employment.

Plaintiff's First Amended Complaint makes no serious attempt to remedy the defects that resulted in dismissal of his first Complaint. Plaintiff continues to maintain that he is substantially limited in driving his assigned vehicle (First Am. Complt. ¶¶ P, SS) and that his "disability" stems from his inability to drive his assigned vehicle due to pain. (First Am. Complt. ¶ C) It is clear from the pleadings that the only effect that his impairment had on the performance of his job duties is that he allegedly found driving in his assigned vehicle to be painful.

Plaintiff has added nothing to the First Amended Complaint that could establish that this condition substantially limited him in the major life activity of working because it excluded him from a range or class of jobs. In fact, Plaintiff has continued to plead that he was transferred to a position in the Court House essentially pleading himself out of the possibility that he is substantially limited in the activity of working. (Am. Complt. ¶¶ AA-DD) As noted by the Court in its Opinion, "Koty's ability to perform Courthouse Duty demonstrates that his impairment does not disqualify him from jobs within the Sheriff's Office and certainly does not support a plausible inference that his employment opportunities are substantially limited in general." (Mem & Op. p. 3)

Plaintiff seemingly makes only two substantive additions his First Amended Complaint. It is unclear why Plaintiff believes that these allegations remedy the defects in the pleadings, however, neither addition cures what the Court found to be deficient

3

in the original complaint. The first addition is to paragraph M, which lists eight sets of circumstances under which Plaintiff allegedly experiences pain.

    M.    Plaintiff suffers substantial pain when:

        1.    Sitting with his knees higher than his waist,

        2.    driving with his knees higher than his waist,

        3.    getting in and out of a car that sits low to the ground, such as sedans,

        4.    bending at the waist past 90 degrees for long periods of time, such as tying his shoes, picking up items, sitting and other similar movements,

        5.    sitting in tight or confined chairs. Which includes air plane seats, roller coaster seats, and seats that are generally not open on the sides,

        6.    pushing heavy weight with his legs,

        7.    lifting heavy weight over his head, and

        8.    long periods of high impact aerobics.

None of the enumerated miscellaneous activities are in and of themselves major life activities nor do they allege facts supporting that Plaintiff had a substantial limitation in the major life activity of working.

The second addition is to paragraph O, which lists seven activities that Plaintiff alleges he avoids because they aggravate his hip condition.

    O.    These acts cause pain that starts in his hip and radiates into his lower back. The pain prevents him from sleeping at night, and from enjoying playing with his kids, or activities with family and friends. The condition has made him alter his exercise routines and prevents him from doing certain strength training exercises. He constantly has to consider if something he wants to do or needs to do will aggravate the condition in his hip. This causes him to eliminate or impact activities that he would have enjoyed, such as, but not limited to:

        1.    Makes flying on a plane unbearable.

2. Traveling in vehicles that do not provide enough leg room.

3. It impacts his sex life.

4. Amusement rides are painful.

5. Sitting in booths at restaurants.

6. Spectating at sporting events when sitting in bleacher seats.

7. Any work around the house which requires a lot of bending over, kneeling or going from kneeling to standing.

Again, none of the listed activities are major life activities, and none could be remotely construed as pleading that Plaintiff was substantially limited in the major life activity of working. As Plaintiff failed to allege facts showing that he was substantially limited in the major life activity of working during the relevant time period, his ADA failure to accommodate claim must be dismissed.

## CONCLUSION

Plaintiff's First Amended Complaint makes no significant attempt to follow this Court's Order of July 28, 2015. The Court gave Plaintiff the opportunity to plead how his limitation in driving a Crown Victoria would substantially limit him in the major life activity of working. Plaintiff has failed to do that. For that reason Plaintiff's ADA discrimination claim should be dismissed with prejudice. Plaintiff has demonstrated through his First Amended Complaint that the defects that resulted in the previous dismissal of that claim cannot be cured through re-pleading. Defendant moves to dismiss Plaintiff's failure to accommodate claim with prejudice and further to direct Plaintiff to proceed on his ADA retaliation claim.

5

BY:    S/Gregory Vaci
#6204697
Assistant State's Attorney
503 N. County Farm Rd.
Wheaton, Illinois 60187
(630) 407-8221