UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

ERIC KOTY,                                              )
                                                        )
                    Plaintiff,                          )
                                                        )
v.                                                      )    Case No. 15 C 2600
                                                        )
SHERIFF JOHN ZARUBA,                                    )    Judge Virginia M. Kendall
IN HIS OFFICIAL CAPACITY                                )
AS SHERIFF OF DUPAGE                                     )
COUNTY, and DUPAGE COUNTY,                               )
                                                        )
                    Defendants.                         )

# TAB 1

# Defendant's Answer to Plaintiff's First Amended Complaint

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIC KOTY,                                          )
     Plaintiff,                                    )
                                                    )
    vs.                                           ) No: 15 C 2600
                                                    ) Judge Virginia M.Kendall
SHERIFF JOHN ZARUBA IN HIS                          )
OFFICIAL CAPACITY AS SHERIFF OF                     )
DUPAGE COUNTY, and COUNTY OF DUPAGE,                )
    Defendants.                                   )

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

I.    JURISDICTION AND VENUE

A.    The jurisdiction of this Court is invoked under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq.

RESPONSE:    Defendants admit that this Court has jurisdiction over Plaintiff's claims.

B.    Plaintiff has filed this suit within 90 days after receipt of his right-to-sue letter issued from the EEOC.

RESPONSE:    Defendants admit the allegation contained in Paragraph B.

II.    PARTIES

C.    Plaintiff, ERIC KOTY("Plaintiff") is a citizen of the United States and a resident of Plainfield, IL.

RESPONSE:    Defendants admit the allegation contained in Paragraph C.


DEPOSITION
EXHIBIT
#14
8/9/16

D.     Defendants, Sheriff John Zaruba in his official capacity as Sheriff of Du Page County is the chief law enforcement officer of Du Page County, Illinois.

RESPONSE:       Defendants admit the allegation contained in Paragraph D.

E.     Defendant, County of Du Page, is a government entity organized pursuant to Illinois law and is the employer of Sheriff John Zaruba. See *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

RESPONSE:       Defendants admit that DuPage County is required to indemnify the Sheriff of DuPage County under *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003) and denies that the Sheriff of DuPage County is employed by DuPage County.

F. Defendants are employers as that term is contemplated under the ADA, with a principal place of business in Wheaton, Illinois.

RESPONSE: Defendants deny that DuPage County is Plaintiff's employer and admit that the Sheriff of DuPage is an employer pursuant to the ADA.

III.   BACKGROUND

A.     Paragraphs A through F above are incorporated by reference.

RESPONSE: Defendants incorporate their responses to paragraphs A-F by reference.

B.     On May 29, 2001, Plaintiff became employed by Defendants at its headquarters in Wheaton, IL.

RESPONSE:       Defendants admit that Plaintiff was employed by The Sheriff on May 29, 2001 and deny that he was employed by DuPage County.

C. Plaintiff has a disability which prevents him from riding in his assigned Ford Crown Victoria (Assigned Vehicle) because of leg room among other problems as set forth below.

RESPONSE: Defendants assert that paragraph C is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information sufficient to admit or deny the statement contained in paragraph C.

D. Defendants have about twelve Ford Explorers (Explorers) that have been sitting idle in their parking garage. There have been Explorers for a couple of years, and some have been sitting idle for a lengthy period of time that will accommodate Plaintiff's disability.

RESPONSE: Defendants assert that paragraph D is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants deny the statement contained in paragraph D.

E. Defendants have accommodated others similarly situated to Plaintiff by purchase of a special vehicle.

RESPONSE: Defendants assert that paragraph E is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants deny the statement contained in paragraph E.

F. Defendants refuse to accommodate Plaintiff's disability by simply switching vehicles from Assigned Vehicle to Explorers.

RESPONSE: Defendants assert that paragraph F is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants deny the statement contained in paragraph F.

G. The last Ford Crown Victoria Police Interceptor, Assigned Vehicle, rolled off the assembly line on September 15, 2011. Plaintiff's Assigned Vehicle will shortly expire.

RESPONSE: Defendants assert that paragraph G is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph G.

H.     At all times relevant through April 8, 2014, Plaintiff was assigned to Special Operations Unit as a police officer.

RESPONSE: Defendant admits that Plaintiff was a Deputy Sheriff who was collaterally assigned to the Special Operations Unit.

I.     Plaintiff has a musculoskeletal disability. He has a femoral hip impingement with torn labrum among other medical disability.

RESPONSE: Defendants assert that paragraph I is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph I.

J.     The torn labrum is a deep pain which extends to the groin. Sometimes, the pain can radiate to the side or the back of the hip as well. He has pain and/or a feeling of catching in his hip, especially when going from sitting to standing. He must compensate to get in and out of cars. He has pain with squatting and exercise, especially with changing direction.

RESPONSE:     Defendants assert that paragraph J is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph J.

K.     The pain will probably be with Plaintiff for the rest of his life.

RESPONSE:     Defendants assert that paragraph K is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph K.

L.     Femoral hip impingement or Femoroacetabular impingement is a condition of too much friction in the hip joint. Basically, the ball (femoral head) and socket (acetabulum) rub abnormally creating damage to the hip joint. This causes pain to Plaintiff with eventual loss of motion of the hip.

Plaintiff gets impingement when in the sitting position.

RESPONSE:     Defendants assert that paragraph L is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph L.

M.     Plaintiff suffers substantial pain when:

   1.     Sitting with his knees higher than his waist,

   2.     driving with his knees higher than his waist,

   3.     getting in and out of a car that sits low to the ground, such as sedans,

   4.     bending at the waist past 90 degrees for long periods of time, such as tying his shoes, picking up items, sitting and other similar movements,

   5.     sitting in tight or confined chairs. Which includes air plane seats, roller coaster seats, and seats that are generally not open on the sides,

   6.     pushing heavy weight with his legs,

   7.     lifting heavy weight over his head, and

   8.     long periods of high impact aerobics.

RESPONSE:     Defendants assert that paragraph M is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph M.

N.     Plaintiff will suffer this pain for a long period of time, but must work with the pain to support his family.

RESPONSE:     Defendants assert that paragraph N is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph N.

O.    These acts cause pain that starts in his hip and radiates into his lower back. The pain prevents him from sleeping at night, and from enjoying playing with his kids, or activities with family and friends. The condition has made him alter his exercise routines and prevents him from doing certain strength training exercises. He constantly has to consider if something he wants to do or needs to do will aggravate the condition in his hip. This causes him to eliminate or impact activities that he would have enjoyed, such as, but not limited to:

9.    Makes flying on a plane unbearable.

10.    Traveling in vehicles that do not provide enough leg room.

11.    It impacts his sex life,

12.    Amusement rides are painful,

13.    Sitting in booths at restaurants,

14.    Spectating at sporting events when sitting in bleacher seats, and

15.    Any work around the house which requires a lot of bending over, kneeling or going from kneeling to standing.

RESPONSE:    Defendants assert that paragraph O is not relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph O.

P.    In January 2014, the above musculoskeletal disabilities began to worsen. This caused Plaintiff to be substantially limited to driving in the vehicle ordered by Defendants, as it relates to his employment, and the above problems as it relates to the rest of his life.

RESPONSE:    Defendants assert that paragraph P is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph P.

Q.    On or about January 21, 2014, Plaintiff notified employer of his disability.

RESPONSE: Defendants assert that paragraph Q is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph Q.

R. After Plaintiff consulted with his doctor, he requested that the Sheriff provide him with a larger vehicle, specifically the Ford Explorer, which would eliminate the pain.

RESPONSE: Defendants assert that paragraph R is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph R.

S. Upon the Sheriff being notified of Plaintiff's disability, he was ordered not to report a work injury.

RESPONSE: Defendants assert that paragraph S is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants deny the statement contained in paragraph S.

T. On January 22, 2014, Defendants measured Plaintiff's assigned vehicle. The measurements reported for Assigned Vehicle showed it is smaller than Explorers.

RESPONSE: Defendants assert that paragraph T is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants deny the statement contained in paragraph T.

U. Explorer does not cause the pain associated with Plaintiff's disability that Plaintiff is subjected to in the Assigned Vehicle.

RESPONSE: Defendants assert that paragraph U is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph U.

V.    Without the associated pain from Assigned Vehicle, Plaintiff is able to perform the part of his job that requires driving.

RESPONSE:    Defendants assert that paragraph V is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph V.

W.    Before January 2014, Plaintiff sat in Explorer and had no pain.

RESPONSE:    Defendants assert that paragraph W is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph W.

X.    On January 9, 2014, Plaintiff notified the employer that if Defendants accommodate him by assigning him an Explorer or another vehicle with more leg room, he can perform his job duties without the associated pain.

RESPONSE:    Defendants assert that paragraph X is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph X.

Y.    On April 7, 2014, Plaintiff tendered his Charge of Discrimination to Chief James Kruse (Chief Kruse).

RESPONSE:    Defendants deny the contents of paragraph Y.

Z.    On April 8, 2014, Chief Kruse returned the Charge of Discrimination (Charge) to Plaintiff.

RESPONSE:    Defendants admit the contents of paragraph Z.

AA.    On April 8, 2014, in retaliation for reporting the disability and notifying Defendants of the Charge, Defendants transferred Plaintiff to the Court House.

RESPONSE:    Defendants deny the contents of paragraph AA.

BB. On April 8, 2014, in furtherance of the discrimination, Defendants transferred Plaintiff to the Court House.

RESPONSE: Defendants deny the contents of paragraph BB.

CC. The position Plaintiff was forced to do in the Court House is completely different than the police work he was doing.

RESPONSE: Defendants deny the contents of paragraph CC.

DD. The transfer to the Court House causes Plaintiff to lose his holiday pay, ability to find other patrolman positions, miss training related to patrolman positions, has worse work hours, eliminates the ability to do police work and other benefits.

RESPONSE: Defendants deny the contents of paragraph DD.

EE. Plaintiff continued to demand that he be returned to law enforcement bureau.

RESPONSE: Defendants deny the contents of paragraph EE.

FF. On April 9, 2014, in retaliation for reporting the disability to Defendants and for having a disability, Defendants suspended Plaintiff from the Special Operations Unit.

RESPONSE: Defendants deny the contents of paragraph FF.

GG. On April 9, 2014, in retaliation for reporting the Charge to Defendants, Defendants suspended Plaintiff from the Special Operations Unit.

RESPONSE: Defendants deny the contents of paragraph GG.

HH. While Plaintiff recently underwent surgery for some of his disabilities, he is able to do the job in Special Operations Unit if he is not required to use the Assigned Vehicle and instead use a vehicle like the Explorer.

RESPONSE: Defendants assert that paragraph HH is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph HH.

II. During the surgery the doctor shaved off part of his hip bone to give him more room in the hip joint to try and relieve the mechanical impingement of the joint. The doctor also had to re-attach the Labrum which is the thick ring of cartilage that lines the inside of the hip joint.

RESPONSE: Defendants assert that paragraph II is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph II.

JJ. The mechanical impingement of the joint resulted in the Labrum being torn away from the hip bone. The Labrum prevents bone on bone contact. Without the Labrum he will have arthritis.

RESPONSE: Defendants assert that paragraph JJ is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph JJ.

KK. Because of his musculoskeletal disability, his next step is to have a hip replacement done so he can work without pain. There is no guarantee that the hip replacement will eliminate or reduce the musculoskeletal disability.

RESPONSE: Defendants assert that paragraph KK is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph KK.

COUNT I Americans with Disabilities Act (ADA)

LL. Paragraphs A through KK of Background are incorporated herein.

RESPONSE: Defendants incorporate their responses to paragraphs A-KK by reference.

MM.   Plaintiff has a physical impairment under the ADA.

RESPONSE: Defendants assert that paragraph MM is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph MM.

NN.   The decision of Defendants, as expressed to Plaintiff in April 2014 that they would not accommodate Plaintiff, and that he was not going to try to find Plaintiff a position was made in the line and scope of the employment of Sheriff Zaruba with Defendants.

RESPONSE: Defendants assert that paragraph NN is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants deny the statement contained in paragraph NN.

OO.   Sheriff Zaruba had authority from Defendant to make the decision described in the paragraph above.

RESPONSE: Defendants assert that paragraph OO is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants admit that Sheriff Zaruba has decision making authority and deny that any decision was made as alleged in paragraph OO..

PP.   In telling Plaintiff in April 2014 that he would not accommodate Plaintiff and would not try to find Plaintiff a vehicle to accommodate his disabilities, Chief Kruse was speaking on behalf of Defendants.

RESPONSE: Defendants assert that paragraph PP is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants deny the entire statement contained in paragraph PP.

QQ.   In telling Plaintiff in April 2014 that he would not accommodate Plaintiff and would not try to find Plaintiff a vehicle to accommodate his disabilities, Chief Angus was speaking on behalf of Defendants.

RESPONSE: Defendants assert that paragraph QQ is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants deny the statement contained in paragraph QQ.

RR. Defendant's meet the minimum number of employees as set out by ADA.

RESPONSE: Defendants admit that the Sheriff of DuPage County is an employer as defined by the ADA and denies that DuPage County employed Plaintiff.

SS. Due to the physical limitations caused by Plaintiff's femoral hip impingement with torn labrum and other disabilities, Plaintiff was substantially limited with respect to the major life activities of driving in certain vehicles, and/or he was regarded by Defendants as being substantially limited with respect to these major life activities.

RESPONSE: Defendants assert that paragraph SS is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph SS.

TT. Plaintiff was and is disabled and/or regarded by Defendants to be disabled under the ADA.

RESPONSE: Defendants assert that paragraph TT is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants deny the statement contained in paragraph TT.

UU. Plaintiff was a qualified individual able to perform the essential functions of available positions for which he was qualified.

RESPONSE: Defendants assert that paragraph UU is no longer relevant pursuant to the Court's ruling on Defendants' motion to dismiss. Notwithstanding, Defendants lack knowledge or information to admit or deny the statement contained in paragraph UU.

VV. Defendants violated Plaintiff's rights under the ADA by failing to accommodate his disability and/or a disability Defendants regarded Plaintiff as having by refusing to place him in an available vehicle for which Plaintiff fits and retaliating against Plaintiff for notifying them of his EEOC complaint.

RESPONSE: Defendants deny the statement contained in paragraph VV.

WHEREFORE, these premises considered, Plaintiff respectfully requests the following:

A. The Court issue an Order declaring that Defendants' actions described herein violated the ADA;

B. The Court grants Plaintiff a permanent injunction enjoining Defendants, and its agents, employees, successors, and those acting in concert with Defendants from continuing to violate the ADA;

C. The Court enters an Order requiring Defendants to make Plaintiff whole by placing Plaintiff in the position he would have occupied in the absence of discrimination, in a vehicle to accommodate his disability, providing back pay and lost benefits with interest, and ordering Defendants to pay liquidated, compensatory, and punitive damages as a jury may assess;

D. The Court enters an award against Defendants and in favor of Plaintiff for retaliating against the Plaintiff in an amount of $100,000.00.

E. The Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees and expenses.

RESPONSE: Defendants deny the allegations contained in A-E and specifically deny that Plaintiff is due any of the remedies set forth in paragraphs A through E above.

Defendants demand a jury trial.

By:     /S/ Gregory Vaci
        #6204967
        Assistant State's Attorney
        503 N. County Farm Road
        Wheaton, IL 60187
        [630] 407 - 8221