IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIC KOTY,                                          )
    Plaintiff,                                    )
                                                  )
vs.                                                )    No:  15 C 2600
                                                  )    Judge Virginia M. Kendall
SHERIFF JOHN ZARUBA et al.,                        )
    Defendants.                                   )

PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

NOW COMES the Plaintiff, Eric Koty, by his attorney Jeffrey M. Jacobson and submits his additional facts

pursuant to Local Rule 56.1:

1. Intentionally left blank.

2. Intentionally left blank.

3. Bilodeau started working for the DuPage Sheriff in July 1999 and at the time of his deposition was a lieutenant with the DuPage Sheriff. Dep Daniel Bilodeau, Pg 6, L3. It is a general conception that if a Law Enforcement Burea Deputy is transferred to Court Services involuntarily it is a punishment. Dep Daniel Bilodeau, Pg 10, 9.

4. Intentionally left blank.

5. There is a difference between working in a court security division and being a police officer, working from a police car.  Dep Daniel Bilodeau, Pg 19, L4. Law enforcement is being the police and driving your squad car and responding to calls. The courthouse is monitoring the hallways and courtrooms of the courthouse. Dep Daniel Bilodeau, Pg 19, L22.

6. Christopher Johnson (Johnson) was responsible for assigning vehicles to deputies.  He wanted to make the assignment of vehicles fair by assigning them or need.  Dep Johnson, Pg 8, L3 - L12. The DuPage Sheriff had final say on who got what cars. Dep Johnson, Pg. 9, L13-18.

7. Intentionally left blank.

1

8. Johnson was preparing an SUV for Koty because he was aware of his medical condition. Dep Johnson, Pg 12, L 3 - 13. Despite Johnson, the quartermaster, wanting to assign an SUV to Koty, the Sheriff said no. Dep Johnson, Pg 12, L 11-18.

9. Intentionally left blank.

10. The Sheriff made sure not to write anything down, text message or email. Dep Johnson, Pg 12, L 20 - pg 13 L4.

11. The transfer from law enforcement to the court system by the sheriff was a punishment. Dep Johnson Pg 20 L6 - 15.

12. The transfer from law enforcement into court services is a punishment. Dep Koty Pg 87 L1

13. The defendants did not speak to Koty about anything related to his medical problem. They did not discuss with him how to accommodate him or how to help with his problem. Dep Koty Pg 88.

14. Intentionally removed.

15. November 10, 2014 memorandum from Chief James Kruse to Deputy E. Koty stating that his assignment at Court Security division is permanent.

16. The employer refused to engage in an interactive process pursuant to ADAAA. No one from the employer talked to Koty concerning his need for accommodation. Dep Koty, Pg 88, L5

17. Koty knew that the SUV eliminated the pain since he had been in one. Dep Koty, Pg 129, L18-22. Koty needed a vehicle that he could straighten out his leg while driving. Dep Koty Pg 58, L1. Koty had complained to the Sheriff on prior occasions that his problem is getting worse. That he needs a vehicle where he can straighten out his leg while driving. Dep Koty Pg 58 L1 - 12.

18.

19. One of the differences financially from being transferred to court services from law enforcement was that it increased the amount of money Koty had to spend for child care. In patrol they work 12-hour shifts, seven out of fourteen days. In court services, you work ten out of fourteen days. In law enforcement, you may have your days off during the week. In court services your days off are only

weekends. Now you have to pay more child care. So you're doubling your child care costs, because normally on patrol, you would only work five weekdays, five days of weekdays in that two-week period. Now you're working ten.  Dep Koty Pg 53 L10 - pg 54 L3

20. Patrick Genovese was the risk manager and he is not a certified ergonomist. Dep Genovese Pg 12 L18. Patrick Genovese had no training as it related to Koty's injury/disability. Dep Genovese Pg 17 L22.

21. Intentionally left blank.

22. Patrick Genoves had no idea what was causing the medical problem of Koty. Dep Genovese Pg 14, L13, Pg 16, L13, Pg 16, L15

23. Patrick Genovese had no opinion as to which vehicle would be better for Koty. Dep Genovese Pg 19, L2.

24. The Interceptor (SUV) had 23 inches versuse 21.5 for the Crown Victoria.  According to Genovese, the Interceptor (SUV) had longer leg room. Dep Genovese Pg 34, L19-20. The Interceptor was an SUV. Dep Genovese Pg 40, L18.

25. Genovese never saw the doctor's note before making his measurements. Dep Genovese Pg 39 L 11 - pg 40 L 12. Had Genovese saw the doctor's note prior to his deposition, he would have made meaningful measurements. Dep Genovese Pg 40, L 23.

26. The EEOC Officer for DuPage County was the the director of human resources, Margaret Ewing. Dep Genovese Pg 24 L21 - pg 25 L3.

27. Intentionally left blank

28. A vehicle could be assigned to Koty at any time if there was a need. State Of Illinois Labor Relations Board hearing, September 9, 2015, transcript (LRB) Examination of Chief Kruse, Pg 211, L9 - 15.

29. There was never a doctor's note or statement by a doctor that Koty could not perform the functions of Special Operations. Dep Koty Pg 24, L7.  If the employer believed that Koty was not fit to perform in Special Operations, pursuant to Section I, page 3 of the General Orders, the defendants could have tested

him. Yet, no one has ever been tested after being admitted to Special Operations. Dep Koty Pg 93, L2- pg 94 L12.

30. There were other employees in the same position, Special Operations members, as Koty that were not required to justify to the Sheriff how to store their gear, and could store their gear in their personal vehicles as they see fit. Dep Koty Pg 27 L8 - pg 28, Pg 42 L8 - pg 43 L12.  Special Operations is also referred to as SWAT. Dep Koty Pg 43 L6-7.

31. Koty would not have had the surgery when he did if he was not transferred to the court house. Dep Koty pg 122 L9 - 17.

32. Koty was a union member. He successfully bid on day shift in 2015. The employer refused to put him on day shift until immediately after he filed a grievance.  Dep Koty Pg 34 L13 -  pg 35 L13.

33. Intentionally left blank.

34. Intentionally left blank.

35. There are no policies or procedures of the employer on how anyone on the Special Operations are to secure their gear and weapons, or that they cannot use their own personal vehicles without modifications. Dep Kruse Pg 66 L20 - pg 67 L9.

36. Koty returned to work in Court Services after surgery. He was not transferred back to Law Enforcement when he submitted a doctor's note that he can return with no restrictions after his surgery. Instead, the employer told him that he had to go through some transfer list. A few days later, March 24, 2015, with Major Romanelli, which the Sheriff walked in on. The argument was at 1:00 pm, the Sheriff transferred him to Law Enforcement at 3:00 pm. Dep Koty Pg 32, L11-13, Pg 33 L5-17.

37. On April 7, 2014 at the start of Koty's shift, he gave management at his employer the IDHR/EEOC complaint and his doctor's note. Dep Koty Pg 14, L15. Koty worked his full shift driving the Crown Victoria on April 7, 2014 after turning in his IDHR and EEOC complaint to the employer along with his doctor's note. Dep Koty Pg 78 L7-10.

38. On April 9, 2014, Koty was removed from Special Operations. Dep Koty Pg 21, L9 - 18.

4

39. Koty had bid and was given day shift for 2015 pursuant to the union contract. When the Sheriff returned him to Law Enforcement, Koty was put on Night shift. He filed a grievance, and was immediately changed to day shift. Dep Koty Pg 34 L16 - pg 35 L13. When an employee bids on a shift, they are locked into that shift for a year. Dep Chief James Kruse, Pg 60 L2-9.

40. If you remain in the court house too long, you lose your certification to be a patrol officer. Dep Koty Pg 113, L20 -21.

41. The quartermaster is who assigns the DuPage County Sheriff's vehicles. Dep Bilodeau Pg 22, L1-4. Dep Kruse Pg 19 L8-10.

42. The Sheriff has the ultimate say in everything that happens in the DuPage County Sheriff's office. Dep Bilodeau Pg 22, L10-11.

43. In the meeting with Chief Angus, ASA Bruckner and Chief Kruse, Angus stated that there were no vehicles available. However, that was not true. The defendants had all of the vehicles at their access to give to Koty. Dep Kruse Pg 20, L8-pg 22 L6.

44. Special Operations Division was Formed in 1979, the Sheriff' Office Special Operations Unit, otherwise known as SWAT, works to protect and save lives using specialized tactics and equipment. An armored personnel carrier that accompanies the team on many of its call outs. The unit is made up of two 11 man tactical teams, two team leaders, crisis negotiators, mobile command post communications operators, intelligence officers and a unit commander. The unit is deployed to incidents involving:
Hostage situations, Terrorist incidents, V.I.P. protection and security, Civil unrest and disasters, Barricaded subjects and High risk arrest warrants.
Team members train extensively and must maintain a greater degree of physical conditioning than expected of other deputies and are also required to exhibit expertise handling specialized weapons. Some team members serve as part of the Region IV Special Containment Team and are specially trained to address the threat of a biological, radiological or chemical attack. *DuPage County web site, http://www.dupagesheriff.org/AboutUs/LawEnforcementBureau/96/*

45. After Koty was removed from Special Operations, he was not allowed to return to Special Operations until five to six months later once he submitted a letter on where he would store his Special Operations gear and weapons while working at the court house. This was never an issue with anyone else on Special Operations. Dep Koty Pg 26 L2-pg 28 L1.

DOCUMENTS
TAB:
A. April 15, 2014, Medical Information Request Form.
B. November 10, 2014, Memorandum putting Koty on permanent Court services.
C. Union contract proposal submitted by Sheriff
D. April 9, 2014 memorandum removing Koty from Special Operations.
E. Sheriff Special Operations web site
F. Deposition of Daniel Bilodeau
G. Deposition of Patrick Genovese
H. Deposition of Christopher Johnson
I. Deposition of Eric Koty
J. Deposition of James Kruse
K. Eric Koty Declaration